LEVI BRANN *vs.* N. M. LEAVITT.

Lincoln.    Opinion March 11, 1918.

*General rule of law as to recovery of punitive damages.*

When an assault is wanton, unprovoked, causeless, with a desire to hurt, to gratify anger or malice, if the jury think the actual damages awarded are not sufficient they are warranted in adding to the actual damages such a sum as smart money or punitive damages which, taken together with the actual damage, will afford a sufficient punishment to the person who has done the wrong.

Action on the case to recover damages for an alleged assault and battery on the person of the plaintiff. Defendant filed plea of general issue, and also a brief statement setting forth that whatever acts were done by him were done in self-defense. Verdict for the plaintiff in the sum of eight hundred dollars. Defendant filed a motion for a new trial and also exceptions to certain rulings of the presiding Justice. Motion overruled. Exceptions overruled.

The case is stated in the opinion.
*L. M. Staples, and A. S. Littlefield,* for plaintiff.
*George A. Cowan, and Harold R. Smith,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

HANSON, J.   This is an action of trespass for assault and battery. The plaintiff recovered a verdict in the sum of $800. and the case is before the court on exceptions and motion by the defendant.

The defense was the general issue, with a brief statement alleging self-defense.   At the conclusion of the charge of the presiding Justice, the defendant requested certain instructions, all of which were refused, except as given in the charge.

The first five related to punitive damages, and in urging that the same should have been given, the defendant's attorney in his brief, quotes as the law that, "unless the assault was intentional, reckless, wanton, or malicious, there should be no punitive damages."   And that is the law in this State.   *Robichaud* v. *Maheux*, 104 Maine, 524; *Webb* v. *Gilman*, 80 Maine, 177; *Lord* v. *Maine Central Railroad Co.*, 105 Maine, 258.

The Justice presiding in his charge upon the question of damages instructed the jury that, "the plaintiff is entitled, if he is entitled to anything, to actual compensation for his injuries," and in conclusion charged the jury as follows:   "But the plaintiff invokes a further rule in this case, and it is a rule well recognized in law.   He says that, under the circumstances, the defendant should be made to pay punitive damages, 'smart money,' not because the plaintiff is entitled to that as compensation, but because the common good requires that the defendant should be punished.   And it is a rule in a case of this kind, that, when an assault is wanton, unprovoked, causeless, with a desire to hurt, to gratify anger or malice, the jury, if they think the actual damages awarded are not sufficient punishment, are warranted in adding to the actual damages such a sum as smart money, or punitive damages which, taken together with the actual damages, will afford a sufficient punishment to the person who has done the wrong; juries are not compelled to do this; they are not required to do it; they are allowed to do it.   Whether they will add punitive damages or not is left solely to the discretion of the jury.   You have a right in this case, if you find that this was a wanton, wicked assault, not

provoked by the plaintiff himself, to add to the actual damages a sufficient sum of money as punitive damages to afford sufficient punishment, provided the actual damages themselves are not sufficient. Otherwise not."

The charge was explicit and more favorable to the defendant than the instructions sought in the requests. The defendant was not injured by the refusal, and can take nothing by these exceptions.

The sixth and seventh requests relate to the question of self-defense raised by the pleadings, and much of the charge was devoted to the subject, fully covering the points urged and the law correctly stated. The defendant was not aggrieved, and can take nothing by these exceptions.

THE MOTION.

The record discloses an assault of unusual severity when the physical condition of the parties is taken into consideration; the plaintiff, incapacitated by physical defects, the defendant in perfect health and strength. It discloses that the assault was unprovoked and malicious, that the verdict was fully justified, and the amount manifestly not excessive.

*Exceptions overruled.*
*Motion overruled.*